IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **TRAVIS NELSON,** | : | |
| Plaintiff, | : | |
| vs. | : | Civil Action No. _____ |
| **DILLARD HOSPITALITY GROUP, LLC and MYCHEL R. DILLARD,** | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff Travis Nelson ("Nelson") brings this Complaint against Defendant Dillard Hospitality Group, LLC ("Dillard Hospitality") and Mychel R. Dillard ("Dillard") (collectively "Defendants") and shows the Court as follows:

**INTRODUCTION**

1.

This is a wage and hour case. Dillard Hospitality operates a restaurant and bar known as the Member Only Lounge in Atlanta, Georgia. It employed Nelson as a Manager. Defendants failed to compensated Plaintiff at one and one half times his regular hourly rate for all hours he worked in excess of 40 hours during each work week.

1

2.

In addition to his federal claim, Nelson asserts a supplemental claim of breach of contract pursuant to Georgia law.

**JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Dillard Hospitality maintains its principal place of business in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

5.

Plaintiff Nelson is a natural person who resides in Fulton County, Georgia.

6.

Defendant Dillard Hospitality is a domestic limited liability company organized under the laws of the State of Georgia.

7.

Defendant Dillard Hospitality is subject to the personal jurisdiction of this Court.

8.

Defendant Dillard Hospitality may be served through its registered agent Mychel Dillard at 139 Ralph McGill Boulevard, Remedy Salon Suites, Atlanta, Georgia 30313.

9.

Defendant Dillard resides within Fulton County, Georgia.

10.

Defendant Dillard is an owner and/or manager of the Members Only Lounge located at 139 Ralph McGill Boulevard, NE, Atlanta, Georgia 30313.

11.

Dillard is subject to the personal jurisdiction of this Court.

12.

Defendant Dillard may be served with process at 880 Glenwood Avenue, SE, Unit 3011, Atlanta, Georgia 30316 or wherever he may be located.

**ENTERPRISE COVERAGE**

13.

From May 20, 2020 through early September 2020 (hereinafter "The Relevant Time Period"), Dillard Hospitality was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

14.

Throughout the Relevant Time Period, two or more employees of Dillard Hospitality handled materials used by the company for its business purposes including, but not limited to, office furniture, phones, computers, office supplies, food, food packaging materials, cookware, beer, liquor, stemware, dishware and utensils.

15.

Throughout 2020, Dillard Hospitality employed two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

16.

Throughout 2020, Dillard Hospitality employed two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

17.

In 2020, Dillard Hospitality realized an annual gross volume of sales made or business done of not less than $500,000.

18.

Throughout the Relevant Time Period, Dillard Hospitality has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

**INDIVIDUAL COVERAGE**

19.

Throughout the Relevant Time Period, Nelson was "engaged in commerce" within the meaning of 29 U.S.C. § 207(a)(1).

**EMPLOYEE STATUS**

20.

Dillard Hospitality employed Nelson as a Manager of the Members Only Lounge from approximately May 20, 2020 through early September 2020.

21.

From May 20, 2020 through early September 2020, Nelson was an "employee" within the meaning of 29 U.S.C. § 203(e)(1).

22.

From May 20, 2020 through early September 2020, Dillard Hospitality was Nelson's "employer" within the meaning of 29 U.S.C. § 203(d).

**STATUTORY EMPLOYER**

23.

At all times during the Relevant Time Period, Dillard exercised operational control over the work activities of Nelson.

24.

Throughout the Relevant Time Period, Dillard participated in the day to day operation of Dillard Hospitality.

25.

Throughout the Relevant Time Period, Dillard participated in the day to day operation of the Member Only Lounge.

26.

Throughout the Relevant Time Period, Dillard Hospitality vested Dillard with supervisory authority over Nelson.

27.

Throughout the Relevant Time Period, Dillard exercised supervisory authority over Nelson.

28.

Throughout the Relevant Time Period, Dillard scheduled Nelson's working hours or supervised the scheduling of Nelson's working hours.

29.

Throughout the Relevant Time Period, Dillard had authority to adjust, change or modify Nelson's work schedule.

30.

Throughout the Relevant Time Period, Dillard exercised authority and supervision over Nelson's compensation.

31.

Throughout the Relevant Time Period, Dillard had authority to adjust, change or modify Nelson's compensation.

32.

Throughout the Relevant Time Period, Dillard has been an "employer" within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

**NON-EXEMPT STATUS**

33.

While employed by Dillard Hospitality, Nelson was not exempt from the maximum hour requirements of the FLSA by reason of any FLSA overtime exemption.

34.

Dillard Hospitality never employed Nelson in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

35.

Nelson never held a specialized degree or certification that he utilized to perform his duties on behalf of Defendant.

36.

Dillard Hospitality never employed Nelson in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

37.

Dillard Hospitality never employed Nelson in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

38.

Dillard Hospitality never employed Nelson in the capacity of an "outside salesman" so as to be exempt from the maximum hour requirements of 29 USC § 213 (a).

39.

Nelson did not have a primary duty that involved the exercise independent judgment and discretion in the formation of significant business decisions on behalf of Dillard Hospitality or its customers.

40.

Dillard Hospitality knew or should have known that under the FLSA Nelson was entitled to an overtime premium for work he performed in excess of forty hours in a work week.

**FLSA OVERTIME VIOLATION**

41.

At all times during the relevant time period, Defendants agreed to compensate Nelson through the payment of a salary of $850.00 per week.

42.

On two (2) occasions, Defendants improperly deducted "fines" from Nelson's salary of $850.00 per week for lateness.

43.

Defendants improperly deducted "fines" from Nelson's paycheck dated August 10, 2020.

44.

Defendants failed to pay Nelson his agreed upon salary of $850.00 in paycheck dated August 10, 2020.

45.

Defendants improperly deducted "fines" from Nelson's paycheck dated August 17, 2020.

46.

Defendants failed to pay Nelson his agreed upon salary of $850.00 in paycheck dated August 17, 2020.

47.

Defendants failed to pay Nelson his agreed upon salary of $850.00 in paycheck dated August 17, 2020.

48.

Defendants improperly deducted "fines" from Nelson's pay as set forth above in violation of 29 CFR § 541.602.

49.

Pursuant to 29 CFR § 541.602, Defendants' improper deductions from Nelson's salary defeats any claim that Nelson was a properly salaried employee and not entitled to be paid overtime wages.

50.

During the Relevant Time Period, Nelson regularly worked between 47 and 69 hours during most, if not all, work weeks.

51.

During the Relevant Time Period, Nelson regularly worked in excess of 40 hours during most, if not all, work weeks.

52.

During the Relevant Time Period, Defendants were aware of the actual hours that Nelson worked.

53.

During the Relevant Time Period, Defendants failed to compensate Nelson for work he performed in excess of forty hours in any work week.

54.

From May 20, 2020 until September 2020, Defendants failed to compensate Nelson at one and one half times his regular rate for work he performed in excess of forty hours in any work week.

55.

From May 20, 2020 until September 2020, Defendants willfully failed to compensate Nelson at one and one half times his regular rate for work he performed in excess of forty hours in any work week.

### COUNT I — FAILURE TO PAY OVERTIME

56.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

57.

During the Relevant Time Period, Nelson was an employee covered by the FLSA's maximum hour provisions set forth in 29 U.S.C. § 207(a).

58.

During the Relevant Time Period, Nelson regularly worked in excess of 40 hours during each work week.

59.

During the Relevant Time Period, Dillard Hospitality failed to compensate Nelson at one-and-one-half times his regular rate for work performed in excess of 40 hours in each work week.

60.

During the Relevant Time Period, Dillard Hospitality willfully failed to compensate Nelson at one-and-one-half times his regular hourly rate for work in excess of 40 hours in each work week.

61.

As a result of the underpayment of overtime compensation as alleged above, Dillard Hospitality is liable to Nelson for payment of his due and unpaid overtime compensation in an amount to be determined at trial.

62.

Defendants failure to properly pay Nelson for all overtime hours worked at time and one half of his regular hourly rate was willful.

63.

As a result of the willful underpayment of overtime compensation as alleged above, Nelson is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

64.

As a result of the underpayment of overtime compensation as alleged above, Nelson is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

### COUNT II - BREACH OF CONTRACT AND REQUEST FOR ATTORNEYS' FEES AND COSTS OF LITIGATION PURSUANT TO O.C.G.A. § 13-6-11

65.

The allegations in all previous paragraphs are incorporated by reference as if fully set herein.

**BREACH OF CONTRACT CLAIM**

66.

Dillard Hospitality's letter offering employment to Nelson dated May 14, 2020 states "Your employment with Dillard Hospitality Group, LLC is at-will and either party can terminate the relationship at any time with or without cause and with a four-week notice".

67.

Plaintiff Nelson reasonably relied in part on the promise of a four-week notice in deciding to accept Defendant Dillard Hospitality's offer of employment and considered the four-week notice to be a material term of his employment.

68.

On or about September 1, 2020, Dillard Hospitality terminated Nelson's employment.

69.

Dillard Hospitality failed to provide Nelson with a four-week notice prior to terminating his employment as set forth in the May 14, 2020 offer letter.

70.

By failing to provide Nelson with a four-week notice as set forth in the May 14, 2020 offer letter, Dillard Hospitality breached its contract with Nelson.

71.

At all times during his employment, Nelson substantially complied with his contract with Defendant Dillard Hospitality Group.

72.

As the direct and foreseeable result of this breach, Nelson has sustained and continues to sustain damages in an amount of approximately $3,400.00, *i.e.* the equivalent of 4 weeks of salary.

73.

Dillard Hospitality Group, LLC willfully breached its agreement with Plaintiff by failing to provide him 4 weeks-notice of termination or 4 weeks severance pay in lieu of notice, and has subsequently failed to honor its obligations to Plaintiff even after demand has been made therefor.

74.

Dillard Hospitality Group, LLC has been stubbornly litigious, has acted in bad faith and has caused Plaintiff unnecessary trouble and expense in connection with this matter.

75.

Because of Dillard Hospitality Group, LLC's bad faith and stubborn litigiousness, Plaintiff is entitled to recover his reasonable attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff respectfully prays that this Court:

a)  Grant a trial by jury as to all matters properly triable to a jury;

b)  Issue a judgment declaring that Plaintiff was covered by and that each Defendant has violated the overtime wage provisions of the FLSA;

c)  Award Plaintiff all unpaid overtime wages and liquidated damages equaling 100% of unpaid minimum and overtime wages due to Plaintiff;

d)     Award Plaintiff prejudgment interest on all amounts owed to the extent that liquidated damages are not awarded;

e)     Award Plaintiff nominal damages;

f)     Award Plaintiff his reasonable attorney's fees and costs of litigation pursuant to 29 U.S.C. § 216(b);

g)     Issue a judgment declaring that Defendant Dillard Hospitality Group, LLC has violated its contractual obligations to Plaintiff;

h)     Award Plaintiff all amounts due under the Parties' contract plus prejudgment interest to the maximum extent permitted under the law;

i)     Award Plaintiff his reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11; and

j)     Award any and such other further relief this Court deems just, equitable, and proper.

Respectfully submitted,

|  |  |
|---|---|
|  | **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC** |
|  | */s/ Mitchell D. Benjamin* |
| 101 Marietta Street, N.W. | Mitchell D. Benjamin |
| Suite 2650 | Ga. Bar No. 049888 |
| Atlanta, Georgia 30303 |  |
| (404) 979-3150 | Charles R. Bridgers |
| (404) 979-3170 (f) | Ga. Bar No. 080791 |
| Benjamin@dcbflegal.com |  |
| charlesbridgers@dcbflegal.com | Counsel for Plaintiff |